PÉREZ, PLAINTIFF AND APPELLEE, v. FRENCH CABLE COMPANY, DEFENDANT AND APPELLANT.

Appeal from the First District Court of San Juan in an Action for Damages.—Motion for Reconsideration.

No. 2819.—Decided May 11, 1923.

DAMAGES—DELAY—FRAUD.—The defendant having rejected a certain quantity of fresh meat which it had agreed to buy from the plaintiff and having refused to pay for it under the pretext that it was damaged, and it having been proved that the meat was in good condition, the defendant is obliged to pay not only the price, but also the damages caused the plaintiff, the amount of which is not governed by section 1075 of the Civil Code but by section 1073 in connection with section 1068 of the same code, inasmuch as the defendant was guilty of fraud in refusing to perform its obligation.

The facts are stated in the opinion.

*Messrs. Chas. Hartzell* and *D. F. Kelly* for the appellant.

*Mr. M. Tous Soto* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Represented by new counsel, the defendant moves for reconsideration of the judgment rendered in this case on April 23, 1923. It alleges that as a matter of law the plaintiff could recover as damages only interest on the value of the meat not paid for and that the said value being only $313.45, considering the time elapsed the interest could never increase this sum sufficiently to give original jurisdiction to the district court.

: Neither in the answer, nor in the motion to the district court to set aside its judgment, nor in the brief filed in support of the appeal, was this question raised by the defendant. Yet we have considered it because it involves the jurisdiction of the court, but in our opinion it is wholly without merit.

It is true that section 1075 of the Civil Code, which seems to be the statute relied on by the new attorneys for the defendant, provides that "Should the obligation consist in the payment of a sum of money, and the debtor should be

in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest.''

But that is not the case here. The plaintiff agreed to furnish a certain amount of meat to the defendant and the defendant agreed to pay its price in cash. The defendant not only defaulted by failing to pay the price on the day agreed on, but also was guilty of fraud in refusing to receive the meat on the pretext that it was unsound. The plaintiff was thereby compelled to take the health authorities and an expert on board of the defendant's steamer to examine the meat and later to have it examined in a laboratory, incurring the corresponding expenses. Furthermore, the plaintiff lost his credit and suffered the disorganization of his small business because he failed to live up to his agreement with the persons who supplied him with the live stock and because he abandoned his work and his business for several days.

These being the facts, section 1075 is not applicable, but the case is governed by sections 1068 and 1073 of the Civil Code which provide as follows:

"Sec. 1068. Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.''

"Sec. 1073. Indemnity for losses and damages includes not only the amount of the loss which may have been suffered, but also that of the profit which the creditor may have failed to realize, reserving the provisions contained in the following sections.''

The motion for reconsideration is overruled.

*Reconsideration denied.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.